UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN E. GLOMSKI,
et al.,

          **Plaintiffs,**                **CIVIL ACTION NO.  05-CV-70503-DT**

  VS.                       **DISTRICT JUDGE DENISE PAGE HOOD**

OAKLAND, COUNTY OF,     **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,

          **Defendants.**

_____/


**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

      This matter comes before the Court on Plaintiffs' Motion for Leave to File a Second
Amended Complaint (docket no. 30) filed on June 1, 2006.  Following briefing on the motions, the
Court entertained oral argument on September 15, 2006.  The Court received further briefing, and
the matter is now ready for ruling under 28 U.S.C. § 636(b)(1)(A).

**I. FACTUAL BACKGROUND**

      This is a civil action primarily under 42 U.S.C. § 1983 alleging Eighth Amendment
violations arising out of the death of William Louis Glomski, Jr. on June 27, 2004 when he was
incarcerated in the Oakland County Jail.  A stroke caused the death of Mr. Glomski.  Plaintiffs
contend that Defendants were deliberately indifferent to his serious medical needs at this time.
Plaintiffs named as Defendants in their First Amended Complaint the County of Oakland, Sheriff
Michael J. Bouchard, Deputy Latonya Smith-McClellan, Deputy Anthony Vittone, and Deputy
Arthur Kinney.  (Docket no. 14).  Defendants answered the Amended Complaint.  (Docket nos. 16,
17).  Judge Hood entered a Scheduling Order on March 7, 2006 which set the end of discovery for
June 7, 2006.  (Docket no. 25).  On June 1, 2006, Plaintiffs filed this Motion for Leave to File a

Second Amended Complaint.  (Docket no. 30).  They wish to add as a Defendant Nurse Deborah

Tipton, a Registered Nurse who was on duty at the jail at the time of Mr. Glomski's stroke.  In

addition to adding Nurse Tipton as a Defendant in the existing counts, the proposed Second

Amended Complaint adds Count VI which alleges that Nurse Tipton committed medical

malpractice.

## II. STANDARD

Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter

of course prior to service of a responsive pleading or within twenty days of serving its pleading if

no responsive pleading is required.  "Otherwise a party may amend the party's pleading only by

leave of court or by written consent of the adverse party; and leave shall be freely given when justice

so requires." Fed. R. Civ. P. 15(a).  The decision whether to permit amendment is committed to the

discretion of the trial court.  *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992)

(unpublished).  In deciding whether to grant a motion for leave to amend, the trial court may

consider such factors as delay in filing, lack of notice to the opposing party, bad faith by the moving

party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the

opposing party, and futility of the amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484

(6th Cir. 1973).  Although delay alone is usually not a sufficient reason to deny a motion to amend,

when the delay causes the motion to be filed at a late stage of the litigation, such as near the close

of discovery, an increased burden is on the movant to show justification for the failure to move

earlier. *Duggins v. Steak "N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).  Allowing amendment

after the close of discovery creates significant prejudice for the opposing party. *Id*.

2

**III. DISCUSSION**

   *A.      Delay in Filing and Prejudice*

   Defendants contend that Plaintiffs have unduly delayed their attempt to add Nurse Tipton

as a Defendant, and accordingly they would now be prejudiced by an amendment of Plaintiff's

Complaint.  Plaintiffs' counsel acknowledged at oral argument that Plaintiffs  received reports and

documents from Defendants in August 2005 which included information regarding Nurse Tipton.

Plaintiffs then used this information as a basis to amend their Complaint by stipulation on October

13, 2005.  (Docket nos. 8, 12, 14).  Plaintiffs never sought to include Nurse Tipton as a Defendant

in the First Amended Complaint.  Plaintiffs waited until June 1, 2006, a week prior to the close of

discovery, to file their motion to amend and add Nurse Tipton.  Plaintiffs' counsel conceded at oral

argument that although he was working on the proposed amendment at the time, he failed to mention

during a March 7, 2006 status conference with Judge Hood his intention to seek leave to again

amend the Complaint.  Plaintiffs filed their motion to amend  more than ten months after receiving

discovery about Nurse Tipton, and more than seven months after they amended their complaint by

stipulation.

   Plaintiffs attempt to justify their delay by relying on  Michigan state law that requires a party

seeking to bring a medical malpractice action to serve a Notice of Intent on the medical professional

and file an Affidavit of Merit.  *See* Mich. Comp. Laws § 600.2912b & 2912d.  Plaintiffs' counsel

stated at oral argument that as of  October 2005 he had been attempting to comply with the state law.

However, when Plaintiffs filed the motion for leave to amend they apparently had not yet complied

with the state statutory procedural requirements because the Affidavit of Merit attached to the

motion for leave to amend was not signed.  (Docket no. 30).  If Plaintiffs' counsel could file the

motion before complying with the state statutory requirements on June 1, 2006, there is no showing as to why he could not have done so earlier.  Moreover, counsel provided no good reason why Plaintiffs could not have named Nurse Tipton as a Defendant in the Section 1983 claims at the time of the First Amended Complaint.

At the motion hearing  Plaintiffs' counsel further argued that the delay occurred because he wanted to allege all claims against Nurse Tipton simultaneously. It was therefore counsel's deliberate and considered legal strategy to delay the filing of the motion for leave to amend until one week before the close of discovery. Curiously enough, Nurse Tipton was not deposed until July 11, 2006, long after Plaintiffs' motion to amend was filed.

Plaintiffs' counsel also stated that in November 2005 he deposed Deputy Smith-McClellan, who cited to Nurse Tipton's directives as a defense to her own actions. However, the testimony of Deputy Smith-McClellan could not have been the catalyst for seeking to add Nurse Tipton in view of counsel's statement that as of October 2005  he was attempting to comply with the state statutory requirements so that Nurse Tipton could be added as a Defendant.  Moreover, counsel acknowledged that the  information from the deputy was previously made available to him in the discovery he had received from Defendants in August 2005.  The Court therefore finds that Plaintiffs' delay in filing the motion for leave to amend is both substantial and unjustified.

Plaintiffs'  delay strategy caused the motion to amend to be filed within a week of the close of discovery.  Considering response and reply times, Plaintiffs' counsel knew that the motion would not be before the Court until after the close of discovery.  The  dispositive motion cut-off was June 21, 2006 some twenty days after the motion for leave to amend was filed.  Counsel  would have known that this date would pass before the motion would be ready for decision by the Court.

4

Defendants' claim of significant prejudice as a result of the delay is supported by the late filing of

the motion which would necessarily require the reopening of discovery. *Duggins*, 195 F.3d at 834.

Moreover, Defendants filed their summary judgment motion prior to the dispositive motion cut-off

date. (Docket no. 33). The granting of Plaintiffs' motion for leave to amend would obviously

prejudice Defendants because the summary judgment motion, if granted, would end the case which

otherwise would continue if a new Defendant were now added. As early as May 18, 2006

Defendants' counsel had put Plaintiffs' counsel on notice that he would likely seek summary

judgment and that an amendment adding Nurse Tipton even at that time would prejudice the filing

of that motion. (Docket no. 30, attached letter of May 18, 2006).

Accordingly, the Court finds that Plaintiffs' filing of their motion for leave to amend was

unjustifiably delayed and that granting the motion would cause significant prejudice to Defendants.

B.      *Futility*

Counsel submitted supplemental briefing on the issue of the futility of the proposed

amendment. (Docket nos. 57, 58). To determine whether a motion to amend is futile, the Court

usually examines whether the proposed amended complaint states a claim for relief. However, at

this late stage of the case discovery has ended and a motion for summary judgment has been filed

and is under advisement by Judge Hood. Both Plaintiffs and Defendants have relied on matters

outside of the proposed amended complaint itself in addressing the futility of the proposed

amendment. *Id*. Therefore, the Court finds it appropriate to review the futility of the proposed

amendment considering not only the complaint but all of the depositions and other documents relied

upon by the parties. *See Bauchman v. West High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997)

(approving of the lower court considering proposed amended complaint along with any support in

form of affidavits, deposition transcripts and exhibits presented by parties in denying motion to amend).

To establish that Nurse Tipton violated Mr. Glomski's Eighth Amendment rights Plaintiffs must establish that she was deliberately indifferent to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  In cases such as this, the Eighth Amendment has both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Defendants argue that Plaintiffs cannot establish that Nurse Tipton exhibited the requisite subjective component.  To satisfy this component, Plaintiffs must show that Nurse Tipton had "a sufficiently culpable state of mind."  *Id.*  Such a state of mind is one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  Negligence does not meet this requirement.  *Id*. at 835-40.

Plaintiffs contend that Nurse Tipton received a call some time after 6:35 am on Sunday, June 27, 2004 from Deputy Smith-McClellan.  (Docket no. 58 at 7).  Deputy Smith-McClellan reported to Nurse Tipton "that Glomski appeared to have had a seizure and that he was incoherent and twitching in his bunk."  (*Id*. at 8).  Nurse Tipton directed the deputy to administer smelling salts to Glomski to determine if he was "faking."  (*Id*.)  Glomski reportedly either threw up or blew phlegm out of his nose and mouth.  Nurse Tipton, upon being told of Glomski's reaction to the smelling salts, directed the deputy to transport Glomski to the main jail temporary medical clinic in K-Pod.  (*Id*.)  Glomski may have been combative during the transport.  (*Id*.)  He was totally comatose when he arrived at K-Pod.  (*Id*. at 9).  Glomski was placed on the floor in K-Pod and that is where the

6

EMS found him after the nurses there called 911.  The Medical Examiner concluded that Mr.
Glomski died of an intracerebral hemorrhage due to hypertensive cardiovascular disease.  (*Id*.).

Plaintiffs seek to hold Nurse Tipton liable for ordering the transport of Glomski to the jail
medical clinic rather than having the deputies call 911.  They also allege that her ordering the deputy
to administer smelling salts was not medical treatment.  (*Id*. at 11).  Plaintiffs do not contend that
Nurse Tipton played any role in what happened to Mr. Glomski once he arrived at K-Pod.  Nurse
Tipton testified at her deposition that she was going off duty at the time, and was there only as an
observer.  (Deposition of Deborah Tipton, R.N. at 77).

Nurse Tipton therefore played a very limited role in the treatment of Mr. Glomski.  She
received the report from Deputy Smith-McClellan, had the deputy administer smelling salts, and told
the deputy to have Mr. Glomski transported to the jail clinic.  These facts do not provide a basis for
a jury to find that Nurse Tipton was aware of facts from which she could and did draw the inference
that her conduct posed a substantial risk of serious harm to Mr. Glomski, such as that he was
suffering from a stroke.  The fact that Nurse Tipton ordered Glomski to be taken to the jail medical
clinic shows that she was not deliberately indifferent to Mr. Glomski's medical needs.  Even if
Nurse Tipton should have told the deputies to call 911 rather than to transport Mr. Glomski
themselves to the jail medical clinic, this is more akin to a showing of inadequate treatment which
does not state an Eighth Amendment claim.  "When a prison doctor provides treatment, albeit
carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the
prisoner's needs, but merely a degree of incompetence which does not rise to the level of a
constitutional violation."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).  *See Sanderfer
v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (prison health specialist guilty of negligence at most

7

for misdiagnosis and treatment of inmate).  Plaintiffs can not state a claim for deliberate indifference

on these facts.  The motion for leave to amend is futile with respect to such a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second

Amended Complaint (docket no. 30) be DENIED.


Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).


Dated: November 08, 2006                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: November 08, 2006                    s/ Lisa C. Bartlett
                                            Courtroom Deputy