SUSAN E. GLOMSKI, Personal
Representative of the Estate of
WILLIAM L. GLOMSKI, JR.,
deceased,

           **Plaintiff,**                    **Case No. 05-70503**

vs.                                  **HONORABLE DENISE PAGE HOOD**

The COUNTY OF OAKLAND, et al.,

           **Defendants.**

_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

This matter comes before the Court on Magistrate Judge Mona K. Majoub's Order

Denying Plaintiff's Motion for Leave to File a Second Amended Complaint. On November 27,

2006, Plaintiff filed a Request for Reconsideration/Claim of Appeal Pursuant to Federal Rule of

Civil Procedure 72(a), and 28 U.S.C. 636(B)(1).[1] Plaintiff sought to add Nurse Deborah Tipton,

the nurse on duty the day Mr. Glomski began exhibiting seizure-like symptoms, and ultimately

died of an intracerebral hemorrage. Plaintiff also sought to add an additional Count, asserting

that Nurse Tipton committed medical malpractice.

Under Fed. R. Civ. P. 72(a), a Magistrate Judge's ruling on a nondispositive motion

cannot be reversed unless it was clearly erroneous or contrary to law. *See also Brown v.*

*Wesley's Quaker Maid, Inc.*, 771 F. 2d 952, 954 (6th Cir. 1985); *Haworth, Inc. v. Herman*

*Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995). "The 'clearly erroneous' standard applies

---

[1] This Appeal was not filed within 10 days of the date of the Magistrate Judge's Order as required by Fed. R. Civ. P. 72(a). The Court will excuse this delay and address the issues raised in Plaintiff's Appeal.

only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [this Court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth*, 162 F. R. D. At 291 (citations omitted).

The Magistrate Judge held that Plaintiff's Motion for Leave to Amend was unjustifiably delayed and that granting Plaintiff's Motion would cause significant prejudice to Defendants. The Magistrate Judge also concluded that a motion to amend to add an Eighth Amendment deliberate indifference claim would be futile as Plaintiff cannot demonstrate that Nurse Tipton possessed the requisite culpable state of mind. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff raises three issues in her Appeal. First, Plaintiff argues that the Magistrate Judge's finding that Defendants would be significantly prejudiced by the addition of Nurse Tipton as a party defendant was clearly erroneous. Next, Plaintiff argues that the Magistrate Judge's finding was clearly erroneous in regard to her conclusion that adding Nurse Tipton would be futile because Plaintiff cannot state a claim upon which relief may be granted under the Eighth Amendment. Last, Plaintiff argues that the Magistrate Judge failed to address Plaintiff's proposed pendant state law medical malpractice claim.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

Plaintiff asserts that the Magistrate Judge's decision that granting Plaintiff's Motion would cause significant prejudice to Defendants due to Plaintiff's unjustified delay in moving for leave to amend is contrary to *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court finds that

this is inaccurate. The Magistrate Judge's conclusion falls squarely within the holding in *Foman*. The *Foman* Court made clear that in the absence of undue delay, futility of amendment and failure to cure deficiencies by amendments already granted or stipulated to, that the leave sought should be freely given. *Id.* This is not the case in the present matter. Plaintiff did not seek leave to amend until one week prior to the close of discovery and twenty days before the dispositive motion cut-off date. Additionally, Plaintiff's reliance on *Duggans v. Steak and Shake, Inc.*, 195 F. 3d 828, 834 (6th Cir. 1999) does not warrant rejecting the Magistrate Judge's conclusion. The Plaintiff is technically correct that the facts in *Duggans* are different than the present matter, that is, Plaintiff's Motion for Leave to File a Second Amended Complaint was filed before the dispositive motion cut-off date, the close of discovery and before Defendants' Motion for Summary Judgment was filed, and when there was a slight window of time left for discovery and for the filing of dispositive motions. This is unlike the circumstances in *Duggan*, where the plaintiff did not file a motion to amend the complaint until "discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed." *Duggan*, 195 F.3d at 834. Plaintiff's counsel has provided no reasonable explanation as to why he did not add Nurse Tipton in the First Amended Complaint, or as to why he delayed requesting leave to add her until one week prior to the close of discovery. The absence of a reasonable justification, coupled with the fact that Defendants would be unfairly prejudiced by the granting of Plaintiff's Motion for Leave to File a Second Amended Complaint reveals that the Magistrate Judge's conclusion was not clearly erroneous.

The Court also agrees that amendment of the Complaint to add Nurse Tipton as a party defendant would be futile. The Court has reviewed Ms. Tipton's deposition transcript and

concludes that there is no evidence that she possessed the requisite mental state for Plaintiff to establish a claim under the Eighth Amendment. Her involvement with Mr. Glomski was slight, the only information she had before her was what was conveyed to her by Deputy Smith-McClellan. The suggestion regarding the ammonia inhalant, an apparent attempt to bring Mr. Glomski to attention, was based upon the information provided by Deputy Smith-McClellan, that Mr. Glomski was yelling nonsensical things and was jerking his legs and arms. (Pl.'s Request for Reconsideration/Claim of Appeal, Ex. A, Dep. Tr. of Deborah Tipton, p. 68, 74) Plaintiff cannot establish that Nurse Tipton possessed a sufficiently culpable state of mind. She was not present at the FGDF, and was not aware of facts from which an inference could be drawn that if Mr. Glomski was not transported for emergency medical attention, he would be exposed to a serious risk of substantial harm. *See Farmer v. Brennan*, 511 U.S. 97, 837 (1994).

Plaintiff asserts that this Court should exercise supplemental jurisdiction over the proposed additional count of medical malpractice against Nurse Tipton. As this Court finds that adding an Eighth Amendment violation against Nurse Tipton would be futile, the Court declines to assert supplemental jurisdiction over this proposed state law medical malpractice claim. *See* 28 U.S.C. 1367(c)(3).

IT IS ORDERED that Plaintiff's Request for Reconsideration/Claim of Appeal Pursuant to Federal Rule of Civil Procedure 72(a), and 28 U.S.C. 636(B)(1)[**Docket No. 60, filed November 27, 2006**] is DENIED and the November 8, 2006 Order entered by the Magistrate Judge is AFFIRMED.

Dated: May 7, 2007          _/s/ DENISE PAGE HOOD_
Detroit, Michigan          UNITED STATES DISTRICT JUDGE